IOWA & C. LAND CO. v. TEMESCAL WATER CO. et al.

(Circuit Court, S. D. California. June 16, 1899.)

1. FEDERAL COURTS—GIVING EFFECT TO STATE STATUTES.
    Code Civ. Proc. Cal. § 440, providing for the compensation of cross demands existing between two persons, though found in the provisions relating to procedure, give substantive rights, which are enforceable in a federal court of equity.[1]

2. COMPENSATION OF CROSS DEMANDS—CALIFORNIA STATUTE.
    Such section, which provides that cross demands existing between two persons under such circumstances that, if one had sued the other, a counterclaim could have been set up, shall be deemed compensated "so far as they equal each other," contemplates the compensation of such demands as soon as they exist,—the greater being credited with the smaller, and the latter entirely discharged; and for that reason the section does not apply to cross demands, one of which is unliquidated.

3. EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.
    A federal court of equity cannot entertain a suit to enjoin the defendant from proceeding in a statutory manner to enforce a legal demand until complainant can by judicial determination establish an unliquidated claim for damages so that it will operate under the statute as a compensation of defendant's demand, where it is not alleged that defendant is insolvent; plaintiff having in such case a plain, adequate, and complete remedy at law for the enforcement of his claim for damages.

On Application for Preliminary Injunction.

Works & Lee, for complainant.
Hunsaker & Freeman, for defendants.

WELLBORN, District Judge. If plaintiff's contention that the cross demands set forth in the bill of complaint are to be deemed compensated is sustainable, then the injunction asked for against the collection of one of these demands—the assessment—ought to be granted. The first question, therefore, to which I have addressed myself, is whether or not said assessment has been compensated (i. e. paid off or discharged) by plaintiff's claim for damages on account of defend-

---

[1] As to rights created by state statutes, which may be enforced in federal courts generally, see section 1 of note to Hill v. Hite, 29 C. C. A. 553; and see also, generally, note to Barling v. Bank, 1 C. C. A. 513.

ant's failure to supply water according to its charter obligations. It is suggested by defendant's counsel that the provisions of section 440 of the Code of Civil Procedure of California, on which the complainant relies for the alleged compensation or discharge of said assessment, are purely matters of practice, and therefore are without force or effect in a federal court. With this suggestion I am unable to agree. The section, it is true, is found in a code of procedure, but it confers substantive rights. The question then is, does said section apply to this case? While there is no express limitation in the section, its peculiar phraseology, I think, excludes from its operation certain cases of cross demands. The language of the section is as follows:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counter-claim could have been set up. the two demands shall be deemed compensated, so far as they equal each other," etc.

The words last quoted, "so far as they equal each other," necessarily imply limitation or exclusion. The compensation for which the section provides takes place just as soon as the cross demands co-exist; the greater demand being credited with the smaller, and the latter entirely discharged. Each of the demands therefore must be of such a character that they can be mutually applied in the manner indicated. If one of them is for unliquidated damages (that is, uncertain in amount), it is manifestly impossible for the application to take place. The operation of the statute now under consideration is quite a different thing from the judicial procedure by which a claim for unliquidated damages is set off against fixed indebtedness. If A. sues B. to recover on a promissory note, and B. counterclaims against A. for unliquidated damages, the court can ascertain the damages, and apply them to the note, rendering judgment for the party in whose favor a balance is thus made to appear. The doctrine of compensation declared in said section 440, however, cannot be applied in the supposititious case above stated, for the reason already indicated, —that the statute operates upon the cross demands to which it refers the instant they co-exist, and at that time the cross demands in the case above supposed are incapable of mutual application, as one of them (the claim for unliquidated damages) is indeterminate.

Eliminating said section from further consideration, the situation is this: The defendant is proceeding in the statutory way to collect an assessment due from the plaintiff, and the latter files its bill in equity, setting up a claim against the defendant for unliquidated damages, and asks that the defendant be restrained in the pursuit of its legal remedy until said damages can be judicially determined and applied to the assessment. Plaintiff not only fails to allege insolvency of the defendant, but affirmatively shows defendant's absolute financial responsibility. No precedent has been cited, nor do I believe any can be found, which will authorize an injunction under these circumstances. If there is any one question more thoroughly settled in the federal courts than others, it is that the distinction between common-law and equity procedure will be rigidly observed and enforced. This distinction is not only the result of constitutional requirements, but congress has expressly declared, in section 723 of the

Revised Statutes of the United States, that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law." So far as damages which have already accrued are concerned, plaintiff certainly has an adequate remedy at law; and if the detriment suffered is, as alleged in the bill, $4,416 annually, and readily susceptible of proof, it would seem that common-law remedies would adequately redress future violations of its contract, should defendant persist in such violations. But, whether this latter proposition be correct or not, it is quite clear that a court of equity will not enjoin a creditor from pursuing a remedy provided by law for the collection of the debt, on the ground that the debtor may or will suffer future damages at the hands of the creditor. The application for injunction will be denied.